QUESTION: Which court has jurisdiction to try persons charged with violating the Board of Regents traffic rules and regulations on the campus of Florida Technological University?
SUMMARY: The municipal court of Orlando has jurisdiction for the trial of persons charged with violating the Board of Regents traffic rules and regulations on the campus of Florida Technological University when such charge is referred by the university to that municipal court. Section 239.54, F.S., directs the Board of Regents of the Division of Universities of the Department of Education to . . . adopt and promulgate rules and regulations which it finds necessary, convenient or advisable for the safety, welfare, and health of the students, faculty members, and all other persons, governing traffic on the grounds of each institution of higher learning under its management. . . . Section 239.56(2), id., vests the "municipal court of the adjacent municipality" with jurisdiction for the trial of all persons charged with violation of these Board of Regents traffic rules and regulations when such charge is referred by the university to such municipal court. "Adjacent municipality" is defined in s. 239.53(1)(b), id., as . . . a municipality which is contiguous or adjacent to, or which contains within its boundaries all or part of the grounds of, a state institution of higher learning; provided, however, if the grounds of a state institution of higher learning are not within or contiguous to a municipality, "adjacent municipality" shall mean the county seat of the county which contains within its boundaries all or part of the grounds of a state institution of higher learning. (Emphasis supplied.) In the instant situation, Florida Technological University (F.T.U.) is "not within or contiguous to" any municipality, the City of Orlando apparently being the municipality in Orange County (where F.T.U. is located) which is geographically closest to F.T.U. Thus, the question arises as to whether the first or second part of the foregoing statutory definition of adjacent municipality is applicable here, since the word "adjacent," as utilized in the first part, has been generally defined to mean "close to" as well as "touching." See Webster's New International Dictionary, p. 26. I do not reach such question here, however, since, for the purposes of this opinion, the City of Orlando is the "adjacent municipality" under both the first part of the definition — construing the word "adjacent" to mean "close to" — and the second part of the definition, since the City of Orlando is also the county seat of Orange County. (It might be noted that there may be a municipality, other than the City of Orlando, which is geographically closer to F.T.U., but such municipality, the City of Oveido, is located in Seminole County, thereby presenting venue and jurisdictional problems if such municipality is determined to be the "adjacent municipality" for purposes of this opinion.) Thus, with respect to your inquiry, the municipal court of the City of Orlando has jurisdiction under s. 239.56(2), supra, for the trial of persons charged with violating the Board of Regents traffic rules and regulations on the campus of F.T.U., when such charge is referred by F.T.U. to that municipal court. In AGO 073-132, it was concluded that, since the municipal court of Gainesville, the adjacent municipality to the University of Florida, had been abolished pursuant to revised Art. V, State Const., the county court of Alachua County "succeeded" to the jurisdiction of the Gainesville municipal court in this regard. See Art. V, ss. 1 and 20(c)(4), id. In the instant situation, the municipal court of the City of Orlando continues in existence. Thus, that municipal court continues to have jurisdiction in this matter. (If the present statutory directives remain the same, the Orange County Court will likewise "succeed" to the jurisdiction of the municipal court of the City of Orlando in this matter when such municipal court is abolished.)